United States District Court
Southern District of Texas
**ENTERED**
June 17, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| SAMUEL LEDESMA JR., | § | |
| Plaintiff, | § § § | |
| vs. | § § | CIVIL ACTION NO. 7:21-cv-0040 |
| MARIA DUENAS, et al., | § § § | |
| Defendants. | § § § | |

**REPORT AND RECOMMENDATION**

Plaintiff Samuel Ledesma, Jr. (TDCJ #320129) is a state inmate incarcerated by the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ") at the Montford Unit in Lubbock, Texas. Ledesma mailed a letter to the United States District Court for the Northern District of Texas, Dallas Division, alleging that he was wrongfully incarcerated as the result of a state court conviction. The Northern District of Texas construed the letter as a civil rights complaint under 42 U.S.C. § 1983 ("Complaint") (Dkt. No. 3). Because the allegations concern a state court conviction from Hidalgo County, the Northern District transferred the case to the Southern District of Texas, McAllen Division (Dkt. No. 4).

The case has been referred to the undersigned for pretrial management pursuant to 28 U.S.C. § 636(b). Ledesma has failed to comply with more than one order, including an Order for Payment of Fee & More Definite Statement (Dkt. No. 6) and an Order to Show Cause (Dkt. No. 15), which asked him to (1) satisfy the filing fee requirement by providing a certified copy of his inmate trust fund account statement; (2) submit his claims on an approved civil rights complaint form; and (3) provide additional details about his claims in response to a series of questions

1

propounded by the Court. Although Ledesma has submitted several letters and supplemental pleadings, his submissions are insufficient to state a claim for which relief may be granted under 42 U.S.C. § 1983. Therefore, the court recommends that this case be dismissed with prejudice for the reasons explained below.

## I. BACKGROUND

Public records reflect that Ledesma is serving a life sentence in TDCJ as the result of a conviction for attempted capital murder that was entered against him in 1981 in Hidalgo County Case No. CR-170-81-B.[1] On December 29, 2020, the United States District Court for the Northern District of Texas, Dallas Division, received a handwritten letter from Ledesma, alleging that he was wrongfully convicted in that case (Dkt. No. 3). According to the letter, Ledesma blames two individuals who appear to be family members (Maria Duenas and Amparo Garcia Ledesma) for setting him up (*Id.* at 1). He also blames the trial judge (former District Judge Joe A. Cisneros), the assistant district attorney who prosecuted him, and his retained criminal defense counsel (Joseph A. Connors III) (*Id.*). Ledesma alleged further that Deputy District Clerk Keila A. Hernandez failed or refused to provide him with trial records in violation of his right to due process and that two mailroom workers at the Montford Unit (G. Carrington and S. Kuhn) had harassed or retaliated against Ledesma by taking unspecified documents from him (*Id.* at 5-6).

Ledesma did not pay the filing fee for a civil action or request leave to proceed without prepayment of the fee. On February 5, 2021, the undersigned issued an Order for Payment of Fee & More Definite Statement (Dkt. No. 6), directing Ledesma to pay the filing fee for a civil action ($402.00) or submit a properly supported application to proceed *in forma pauperis* that included a certified copy of his inmate trust fund account statement in compliance with the Prison Litigation

---

[1] *See* TDCJ Offender Information at: https://offender.tdcj.texas.gov (last visited June 14, 2021).

Reform Act ("PLRA"), 28 U.S.C. § 1915(a), by March 8, 2021 (Dkt. No. 6, at 2). As explained in that Order, prisoners who seek leave to proceed *in forma pauperis* in federal court are required by PLRA to provide "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint" in any civil rights action. 28 U.S.C. § 1915(a)(2). Ledesma was also directed to file an amended complaint on a standard form approved for use by prisoners in a civil rights case along with an attached response to several specific questions about his claims by March 8, 2021 (Dkt. No. 6, at 3-4). The Court provided Ledesma with standard forms to use and warned him that "[t]he failure to comply as directed would result in dismissal of this action for want of prosecution under Fed. R. Civ. P. 41(b)." (Dkt. No. 6, at 5).

In response to the Order, the Court received a handwritten application for leave to proceed *in forma pauperis* from Ledesma (Dkt. No. 11) and a separate form Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. No. 13) that was signed by another inmate named Arthur Dean Johnson (TDCJ #368902), who is also assigned to the Montford Unit. Neither application included a certified copy of Ledesma's inmate trust fund account statement in support of his request for pauper status as directed by the Order entered on February 5, 2021 (Dkt. No. 6, at 2).

The Court received several other submissions from Ledesma, including a letter motion asking that this case be dismissed (Dkt. No. 8, at 1). Shortly after that letter motion was filed, the Court received a standard form Complaint for Violation of Civil Rights ("Amended Complaint") (Dkt. No. 12) that included a claim for $250 million in compensatory damages from Maria Duenas, a criminal defense attorney named Cornelius B. Marsh IV, and others for Ledesma's "wrongful conviction" in Hidalgo County Case No. CR-170-81-B (*Id.* at 2, 5). However, the Amended

Complaint was not signed by Ledesma (*Id.* at 11). Instead, the Amended Complaint was signed by Johnson, who listed himself as a co-Plaintiff and also as an "Attorney" for the Plaintiff (*Id.* at 1, 3, 10, 11).

On April 26, 2021, the Court issued an Order to Show Cause why this case should not be dismissed for Ledesma's failure to submit his claims on a standard civil rights complaint form and respond to the questions posed previously about his claims in the Order entered on February 5, 2021 (Dkt. No. 15). The Court explained that it was unable to accept documents that were not signed by Ledesma personally (*Id.* at 3). The Court instructed Ledesma to promptly submit a complaint on an approved form with his personal signature within thirty days or it would strike the documents submitted by Johnson from the record for failure to comply with Fed. R. Civ. P. 11(a) (Dkt. No. 15, at 4). The Court also ordered Ledesma to include a certified copy of his inmate trust fund account statement as required by 28 U.S.C. § 1915(a) (*Id.*). The Court provided Ledesma with an additional complaint form and another copy of the Order for Payment of Fee & More Definite Statement dated February 5, 2021. It also warned him a second time that "<u>any failure to comply as directed will result in the dismissal of this case under Fed. R. Civ. P. 41(b) without further notice</u>" (Dkt. No. 15, at 4).

To date, Ledesma has failed to comply with repeated orders to cure his deficient pleadings by submitting his claims on an approved form and by providing additional information about those claims in response to the Court's questions. Likewise, although he has submitted another application for leave to proceed *in forma pauperis* (Dkt. 20), Ledesma has yet to provide a certified copy of his inmate trust fund account statement as directed. Instead, Ledesma has submitted several letters and handwritten supplements, in which he alleges that his mail is being stolen or thrown away at the Montford Unit (Dkt. Nos. 16-19, 21). In these submissions, Ledesma repeats

4

his claim that his conviction was wrongfully entered as the result of statements made against him by Maria Duenas, whom he identifies as his sister, and ineffective representation by his criminal defense counsel, Cornelius B. Marsh IV and Joseph A. Connors III (Dkt. No. 16, at 4-5). Ledesma also blames Judge Cisneros and Assistant District Attorney Heriberto Silva, who prosecuted the case against him (*Id.*; Dkt. No. 18, at 3-4).

## II. ANALYSIS

A.  **Standard of Review – *Pro Se* Pleadings**

Because Ledesma represents himself in this case, his *pro se* pleadings are entitled to a liberal construction, meaning they are subject to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Despite this lenient standard, *pro se* litigants are still required to explain or identify specific facts in support of their claims. *See, e.g, United States v. Stanford*, 805 F.3d 557, 572 (5th Cir. 2015) (citing *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993)); *Bookman v. Shubzda*, 945 F. Supp. 999, 1004-05 (N.D. Tex. 1996) (discussing a *pro se* litigant's obligation to support his claims). Likewise, *pro se* litigants are still required to "abide by the rules that govern the federal courts." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) (internal quotation marks and citation omitted).

B.  **Failure to Comply With Court Orders**

Ledesma has failed to comply with the Order for Payment of Fee & More Definite Statement (Dkt. No. 6) and the Order to Show Cause (Dkt. No. 15), which asked him to (1) satisfy the filing fee requirement by providing a certified copy of his inmate trust fund account statement; (2) submit his claims on an approved civil rights complaint form; and (3) provide additional details about his claims in response to a series of questions propounded by the court.

"The federal courts are vested with the inherent power 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)). Under this inherent power, a court may dismiss a case for want of prosecution where a plaintiff fails to pursue his claims or comply with court orders. *See* Fed. R. Civ. P. 41(b); *see also Larson v. Scott*, 157 F.3d 1030 (5th Cir. 1998) (noting that a district court may *sua sponte* dismiss an action for failure to prosecute or to comply with any court order); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440-41 (5th Cir. 2016) (same).

Despite warnings that any failure to respond would result in dismissal of this case, Ledesma has failed to comply with repeated orders to cure the deficiencies in his pleadings. Although Ledesma has alleged that his mail has been tampered with by officials at the Montford Unit (Dkt. 18, at 1), the record reflects that the court has received numerous submissions from him in this case, refuting any claim that he has been unable to reply to the court's orders. Based on this record, dismissal for want of prosecution pursuant to Rule 41(b) is appropriate. To the extent that Ledesma has attempted to comply by submitting several handwritten letters and supplements with allegations against several of the individuals identified in his original Complaint, this case may be dismissed with prejudice for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983 for additional reasons set forth below.

C.     **Failure to State a Claim**

Construing all of the submissions generously due to his *pro se* status, Ledesma alleges the defendants violated his constitutional rights by causing him to be wrongfully convicted and he seeks relief under 42 U.S.C. § 1983. Because Ledesma is an inmate who has not paid the filing fee, the Court is required by the PLRA to scrutinize the pleadings and dismiss the case if it

determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from defendants who are immune from such relief. *See* 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B). A district court may dismiss a *pro se* litigant's case *sua sponte* after giving the plaintiff "notice of the perceived inadequacy of the complaint and an opportunity for the plaintiff to respond." *Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016) (citing *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014)).

Ledesma attempts to lodge claims against individuals associated with his state court criminal trial who are immune from suit. It is well established that judges are entitled to absolute immunity from claims arising out of acts performed in the exercise of their judicial functions. *See Stump v. Sparkman*, 435 U.S. 349, 355 (1978). The doctrine of absolute judicial immunity protects judges not only from liability, but also from suit. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). Because Ledesma cannot pursue civil rights claims against former Judge Cisneros for actions taken during his state court trial, the claims against this defendant must be dismissed.

Prosecutors are also entitled to immunity for actions taken to pursue criminal charges in court. *See Imbler v. Pachtman*, 424 U.S. 409, 422-23, 431 (1976) (observing that judges and grand jurors acting within the scope of their duties are entitled to immunity and holding that prosecutors are also absolutely immune from a civil suit for damages for initiating a prosecution and in presenting the state's case); *see also Loupe v. O'Bannon*, 824 F.3d 534, 538 (5th Cir. 2016) ("A prosecutor enjoys absolute immunity when her actions are 'intimately associated with the judicial phase of the criminal process.'") (quoting *Imbler*, 424 U.S. at 430). Therefore, Ledesma's claims against Assistant District Attorney Silva for actions taken during the course of his criminal prosecution also must be dismissed.

Likewise, Ledesma cannot pursue a civil rights action against his attorneys because a claim under 42 U.S.C. § 1983 requires a constitutional violation that was "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." *Lugar v. Edmundson Oil Co.*, 457 U.S. 922, 936 (1982). Criminal defense attorneys, even court-appointed ones, are not state actors for purposes of a suit under § 1983. *See Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996) (citing *Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988)). As a result, Ledesma's claims against Marsh and Connor must be dismissed.

Ledesma fails to articulate a viable claim against any of the remaining individuals referenced in his pleadings. The pleadings and supplements reflect that Ledesma primarily blames two family members, Maria Duenas and Amparo Garcia Ledesma, for his wrongful conviction, alleging that they set him up or made false statements against him. Ledesma does not allege specific facts showing that his family members qualify as state actors for purposes of liability under 42 U.S.C. § 1983. Even if they testified against Ledesma, "a witness who testifies is entitled to absolute, unqualified immunity from liability under § 1983 for his trial testimony." *Charles v. Wade*, 665 F.2d 661, 665 (5th Cir. Unit B. 1982); *see also Briscoe v. LaHue*, 460 U.S. 325, 330-32 (1983) (noting that under common law witnesses were absolutely immune from subsequent damages for their testimony in judicial proceedings "even if the witness knew the statements were false and made them with malice").

Ledesma may not otherwise challenge the validity of his state court conviction in a suit governed by 42 U.S.C. § 1983. To recover damages based on allegations of "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [civil rights] plaintiff must prove that the conviction or sentence

8

has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.[2] *Id.*

There is no record showing that the judgment of conviction entered against Ledesma in 1981 in Hidalgo County Case No. CR-170-81-B has been challenged successfully or overturned. Under these circumstances, the rule in *Heck* precludes any claim for damages. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").

To the extent that Ledesma claims that Deputy District Clerk Keila A. Hernandez violated his rights by refusing to provide him with state court records, it is well established that an indigent defendant does not have a constitutional right to a free copy of his transcript or other court records for use in a collateral proceeding. *See United States v. MacCollom*, 426 U.S. 317 (1976); *Bonner v. Henderson*, 517 F.2d 135, 136 (5th Cir. 1975); *United States v. Herrera*, 474 F.2d 1049, 1049-50 (5th Cir. 1973); *Smith v. Beto*, 472 F.2d 164, 165 (5th Cir. 1973); *Colbert v. Beto*, 439 F.2d 1130, 1131 (5th Cir. 1971). Ledesma has not alleged specific facts showing that he has a valid

---

[2] To the extent that Ledesma may seek declaratory or injunctive relief concerning his state court conviction, the Supreme Court has held that a prisoner may not use a civil rights action under 42 U.S.C. § 1983 to seek release from confinement. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (citations omitted). "He must seek federal habeas corpus relief (or appropriate state relief) instead." *Id.* The Court declines to treat this pending action as a federal habeas corpus proceeding because Ledesma must first present his claims for relief in state court in an application filed under Article 11.07 of the Texas Code of Criminal Procedure and it is unclear if he has done so. If Ledesma has exhausted state court remedies, he may file a federal petition for habeas relief under 28 U.S.C. § 2254 by using a form available from the Clerk's Office or the prison law library, but the availability of federal review will likely depend on whether he can satisfy an exception to the one-year statute of limitations found at 28 U.S.C. § 2244(d)(1) and any other procedural bar.

claim to raise concerning his state court conviction at this late date. Because Ledesma does not show that he has been denied the right to present a viable claim in state court, he fails to establish that he was denied state court records in violation of due process. Therefore, the claims against Hernandez must be dismissed.

Finally, to the extent that Ledesma alleges that he has been harassed by mail room personnel or that his mail has been tampered with at the Montford Unit, any claim that he has been denied access to courts is refuted by the record, which shows that the Court has received numerous letters and other submissions from Ledesma in this case. Ledesma has not otherwise alleged facts showing that he has been denied the ability to file a non-frivolous claim in this case. *See Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) (observing that a prisoner's right to access the courts encompasses only a reasonably adequate opportunity to file nonfrivolous legal claims challenging his conviction or conditions of confinement). Absent a showing that he has suffered an actual injury stemming from a defendant's unconstitutional conduct, Ledesma does not demonstrate that he has been denied access to courts. *See Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999); *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998) (holding that "without an actual injury, a prisoner cannot prevail on an access-to-the-courts claim").

Ledesma has been granted more than one opportunity to amend his pleadings and provide additional details, but he has failed to allege facts showing that he has a valid claim to pursue under 42 U.S.C. § 1983. Because Ledesma has failed to articulate facts showing that he has a valid claim for relief, this action should be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B).

## III. CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that the civil rights complaint filed by Plaintiff Samuel Ledesma, Jr. be **DISMISSED** with prejudice for failure to state a claim and that all pending motions be **DENIED**.

## NOTICE TO THE PLAINTIFF

The Clerk shall send copies of this Report and Recommendation to Plaintiff, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a *de novo* review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**SIGNED** at McAllen, Texas, on 17th day of June, 2021.

Juan F. Alanis
United States Magistrate Judge